IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMART OPTIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-2498 |
| | ) | |
| v. | ) | Judge |
| | ) | Mag. Judge |
| JUMP ROPE, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Smart Options, LLC ("Smart Options") files this Complaint against Defendant Jump Rope, Inc. ("JumpRope"), stating as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement.

## II. PARTIES

2. Plaintiff is a limited liability company organized under the laws of Delaware. Plaintiff has a principal place of business located at 161 North Clark Street, Suite 4700, Chicago, Illinois 60601. Smart Options integrates its sophisticated, computerized platform for purchasing options into such websites as www.optionit.com.

3. Defendant Jump Rope, Inc. is a Delaware corporation. Jump Rope, Inc. is a Chicago, Illinois based company located at 35 East Wacker Drive, Suite 966, Chicago IL 60601. Jump Rope may be served through its President, Co-Founder, and Agent, Peter Braxton at 35 East Wacker Drive, Suite 966, Chicago IL 60601, or wherever he may be found. Jump Rope operates an interactive website at www.jumpropetheapp.com, along with applications for iPhone and Android, for selling and offering for sale options for access to venues in Illinois and throughout the United States.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a), in that this action for patent infringement arises under the laws of the United States, including 35 U.S.C. §§ 271 and 281-285.

5. Personal jurisdiction over Defendant comports with 735 ILCS 5/2-209 and the United States Constitution because Defendant does business in this judicial district, has committed and continues to commit, or has contributed and continues to contribute to, acts of patent infringement in this judicial district as alleged in this Complaint, or otherwise has sufficient contacts with the state.

6. Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b), (c), and § 1400(b).

### IV. FACTUAL BACKGROUND

7. Smart Options is the owner of United States Patent No. 7,313,539 ("539 patent"). Smart Options also owns seven related patents and patent applications. Smart Options does business as OptionIt, using the technology described and claimed in those patents and patent applications and operates the website www.optionit.com.

8. On December 25, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,313,539 (the "539 patent") entitled "Method and System for Reserving Future Purchases of Goods or Services". A true and correct copy of the 539 patent is attached hereto as Exhibit A.

9. The application which became the 539 patent was filed May 5, 2008.

10. The invention described and claimed in the 539 patent was conceived of at least as early as March 1998.

11. The inventors diligently reduced to practice the described and claimed inventions of the 539 patent.

12. The inventors of the Smart Options system pioneered the concepts described and claimed in the 539 patent.

13. On information and belief, conception of the inventions claimed in the 539 patent predates those claimed by anyone else.

14. In The Ticket Reserve, Inc. v. OptionIt, Inc. (09-cv-7375), this Court broadly construed claim 1 of the 539 patent to cover options on all goods and services that are not regulated by a government agency.

15. According to 35 U.S.C. § 282, the 539 patent is presumed valid. The 539 patent is also enforceable.

16. Smart Options complies with the marking provisions of 35 U.S.C. § 287.

## V. CAUSE OF ACTION
## DEFENDANT'S INFRINGEMENT OF THE 539 PATENT

17. Jump Rope, through its website and smartphone applications, offers for sale and sells ticket options for access to venues. Upon information and belief, Jump Rope's website and smartphone applications have infringed claims of the 539 patent literally and/or under the doctrine of equivalents.

18. Jump Rope's infringement of the 539 patent has injured Smart Options, has caused financial damage to Smart Options, and will continue to do so unless enjoined by the Court.

## VI. JURY DEMAND

19. Smart Options hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the VII[th] Amendment to the Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## VII. PRAYER

Smart Options requests a judgment from this Court including the following:

a. Defendant Jump Rope, Inc. has infringed claims of the 539 patent either literally or under the doctrine of equivalents;
b. Defendant and its agents, servants, officers, directors, employees, and all persons acting in concert with it, directly or indirectly, be permanently enjoined from infringing the 539 patent;
c. Defendant be ordered to account and pay to Smart Options the damages to which it is entitled as a consequence of the infringement of the 539 patent including lost profits and/or no less than a reasonable royalty;
d. Damages be trebled for the willful, deliberate, and intentional infringement by Defendant in accordance with 35 U.S.C. § 284;
e. Declare this case an exceptional case and Smart Options be awarded prejudgment interest, costs, disbursements, and attorneys' fees herein in accordance with 35 U.S.C. § 285; and,
f. Smart Options be awarded such other and further relief as this Court may deem just and equitable.

Respectfully submitted this 3rd day of April, 2012.

/s/ Geoffrey A. Baker
Geoffrey A. Baker (6236658)
Smart Options, LLC
161 North Clark Street,
Suite 4700
Chicago, Illinois 60601

(708) 707-8778
geoffb@optionit.com