**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SMART OPTIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-2498 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | Mag. Judge Denlow |
| JUMP ROPE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL ADDITIONAL FACTS IN SUPPORT OF ITS
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(b) and Fed.R.Civ.P. 26(e), Plaintiff, Smart Options, LLC

("SmartOptions") submits this supplement to its additional facts in support of its opposition to

Defendant Jump Rope, Inc.'s ("JumpRope") motion for summary judgment of non-infringement.

In support of its opposition, particularly this supplement, SmartOptions contemporaneously filed

the Supplemental Declaration Geoffrey A. Baker.

**SUPPLEMENTAL ADDITIONAL FACTS THAT REQUIRE DENIAL OF
DEFENDANT'S SUMMARY JUDGMENT MOTION**

1. On October 10, 2012, SmartOptions and Limitless, LLC executed a Representation and
   License Agreement ("Agreement"). A true and accurate copy of that Agreement is attached
   to this declaration as Exhibit A. (Supplemental Declaration of Geoffrey A. Baker at ¶ 4.)

2. Limitless, LLC does business as Zoomline. *Id.* at ¶ 5.

3. Zoomline is a direct competitor to JumpRope. *Id.* at ¶ 6.

4. JumpRope's Peter Braxton admits that Zoomline is "some of our [JumpRope's]
   competition." *Id.* at ¶ 7 and Ex. B.

5. According to the true and accurate copy of a Bloomberg Businessweek article (a true and
   accurate copy of which is attached as Exhibit C), "Zoomline$^{TM}$ allows merchants to provide

customers the privilege of paying a premium to gain immediate access to their venue of choice." *Id.* at ¶ 8 and Ex. C.

6. Limitless and Zoomline operate a website found at [www.zoomline.com](www.zoomline.com). *Id.*

7. Limitless and Zoomline also provide and operate smartphone applications for their line management business. *Id.*

8. According to a Bloomberg Businessweek article, "the option is available for anyone to assess whether the price of convenience set by the venue equates to thevalue they place on their time." *Id.* at ¶ 9 and Ex. C.

9. Among the terms of Zoomline's Agreement with SmartOptions is a non-exclusive license allowing Zoomline to use SmartOptions' patents (including the 539 patent) as part of Zoomline's business selling electronic options on access to the front of lines. *Id.* at ¶ 10.

10. Zoomline was represented by a licensed patent attorney throughout the negotiations with SmartOptions that culminated in Zoomline licensing SmartOptions' patents. *Id.* at ¶ 11.

11. Zoomline's license to SmartOptions' patents (including the 539 patent) tends to show acceptance in the market of SmartOptions' patents (including the 539 patent). *Id.* at ¶ 12.

12. Regarding the Zoomline license to SmartOptions' patents, JumpRope acknowledges that the licensee, Zoomline, competes directly against JumpRope. *Id.* at ¶¶ at 7 and 12 and Ex. B.


Date:   October 10, 2012                              Respectfully submitted,



                                                      /s/ Geoffrey A. Baker
                                                      Geoffrey A. Baker (6236658)
                                                      Smart Options, LLC
                                                      161 North Clark Street,
                                                      Suite 4700
                                                      Chicago, Illinois 60601

                                                      (708) 707-8778
                                                      geoffb@optionit.com

**CERTIFICATE OF SERVICE**


The undersigned certifies that, on October 10, 2012, the foregoing PLAINTIFF'S SUPPLEMENTAL ADDITIONAL FACTS IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was served electronically on Defendant's counsel of record, Todd Flaming, via the email address associated with ECF filings in this action.



/s/Geoffrey A. Baker