IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMART OPTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-2498 |
| v. ) | |
| ) | Judge Amy St. Eve |
| JUMP ROPE, INC., ) | Magistrate Judge Daniel G. Martin |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL FILINGS**

After Defendant's Motion for Summary Judgment was fully briefed on September 28, Plaintiff made supplemental filings without leave of Court. They include a "Supplemental Statement of Additional Facts" in support of the opposition and a declaration. Defendant hereby moves the Court to strike these supplemental filings for the reasons stated below.

1. On August 20, 2012, Defendant Jump Rope filed a Motion for Summary Judgment of Non-Infringement (ECF No. 24), along with related filings (ECF Nos. 25-29), arguing that the accused Jump Rope application does not meet several limitations of claim 1 (the only independent claim of the patent in suit). (ECF No. 25 at 13-15.) Plaintiff responded on September 18 by arguing that clubs charge cover fees and that Jump Rope's application does not include the cover fee. (ECF No. 40.) Defendant replied on September 28, arguing that Plaintiff submitted no competent evidence to raise an issue of fact and that, even if it had, it would be immaterial for two independent reasons. (ECF No. 44.) Briefing was complete.

2. On October 10, Plaintiff filed a document entitled "Supplemental Additional Facts in Support of its Opposition to Defendant's Motion for Summary Judgment" along with an

1

additional affidavit from its lawyer. (ECF Nos. 49 & 48.) Plaintiff has not filed an additional brief.

3. The "Supplemental Additional Facts" statement and supporting affidavit are improper and should be stricken. First, they do not address the issue raised in the motion for summary judgment, and the additional evidence is immaterial to it. The supplemental statement of additional facts, summarized, alleges that a company called Zoomline entered into a license for a number of patents Plaintiff Smart Options allegedly owns and that Zoomline is a competitor to Defendant Jump Rope, providing a similar service. (EXF No. 49 ¶¶ 1-10, 12.) It contains one statement purporting to address the significance of these alleged facts: "Zoomline's license to SmartOptions' patents (including the 539 patent) tends to show acceptance in the market of SmartOptions' patents (including the 539 patent)." (*Id.* ¶ 11.)

4. Whether or not other companies have taken a license to Plaintiff's patents, including the patent in suit, has nothing to do with the issue before the Court in the motion for summary judgment—whether claim 1, the '539 patent's only independent claim—covers the accused Jump Rope application.

5. Second, they were filed without leave of Court. Briefing closed on September 28, and the Court never gave leave to file supplemental statements. Plaintiff's filing was improper.

WHEREFORE, this Court should enter an order striking these post-briefing pleadings from the docket.

Dated: October 17, 2012 Respectfully submitted,

/s/ Todd H. Flaming
_____
Attorney for Defendant Jump Rope, Inc.

Todd H. Flaming
Kenneth E. Kraus
**KrausFlaming LLC**
20 South Clark Street, Suite 2620
Chicago, Illinois 60603
(312) 447-7217
(312) 236-9201 (fax)
Todd@KrausFlaming.com
Ken@KrausFlaming.com

**CERTIFICATE OF SERVICE**

      I, Todd H. Flaming, an attorney, certify that I caused a copy of the foregoing Defendant's Motion to Strike to be served on all counsel of record this 17th day of October, 2012, by filing it with the Court's CM/ECF system.

                                                           /s/ *Todd H. Flaming*

                                                           Todd H. Flaming