**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SMART OPTIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-2498 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | Mag. Judge Denlow |
| JUMP ROPE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S SUPPLEMENTAL FILINGS**

In a further attempt to delay any proceedings on the merits of this patent infringement

action, Defendant, JumpRope, Inc. ("JumpRope") moved to strike Plaintiff SmartOptions, LLC's

("SmartOptions") routine supplementation related to JumpRope's motion for summary judgment

of non-infringement. SmartOptions respectfully opposes Defendant's motion and asks the Court

to require JumpRope to pay for the reasonable costs and fees that SmartOptions incurred in

responding to JumpRope's disfavored motion.

**BACKGROUND and ARGUMENT**

SmartOptions filed this patent infringement suit more than six months ago. From the

outset, JumpRope has stubbornly resisted and even stifled SmartOptions' most reasonable

discovery efforts – including non-party discovery that the non-party's counsel repeatedly

promised was ready and would be produced. Then, JumpRope filed a premature summary

judgment motion. JumpRope filed its motion before reasonable discovery, before claim

construction and before anything other than nominal initial infringement contentions had been

exchanged (meaning that SmartOptions remains entitled to (and highly likely will) add other

claims of the 539 patent to its final infringement contentions against JumpRope). SmartOptions readily responded to JumpRope's summary judgment motion, noting that claim construction had not even taken place. SmartOptions also adduced and presented strong evidence (including the Declaration of Ryan Gartner, a seasoned restaurant and club professional) showing that JumpRope infringes the 539 patent and demonstrating that genuine issues of material fact remain. JumpRope's ineffective Reply simply showed that, at minimum, genuine issues of material fact remain regarding JumpRope's infringing options program.

Not even two weeks after the briefing on JumpRope's summary judgment motion closed, direct competitor[1] Zoomline signed a license to SmartOptions' 539 patent. Those negotiations, which included significant discussions regarding the 539 patent with Zoomline's highly competent patent counsel, commenced in earnest almost immediately after Pater Braxton, JumpRope's founder, alerted SmartOptions to direct competitor Zoomline's infringing behavior. Immediately upon the Zoomline license being signed, SmartOptions supplemented its LR 56.1 statement of additional facts. SmartOptions didn't wait; SmartOptions didn't inconvenience or prejudice JumpRope; SmartOptions acted rapidly to supplement the record. In so doing, SmartOptions was simply adding evidence that tends to show that genuine issues of material fact remain regarding the issues underlying JumpRope's motion for summary judgment.

Now, JumpRope asks this Court to strike this additional evidence that is clearly germane to the underlying summary judgment motion. To be sure, the only issue in this action is whether JumpRope infringes the 539 patent, since JumpRope has not, nor can it, attack the validity and

---

[1] To be clear from the outset, by stating that Zoomline directly competes with his company, JumpRope, it is clear to SmartOptions and should be clear to this Court that JumpRope's founder, Peter Braxton is stating that Zoomline sells electronic options to the front of lines at clubs and restaurants and that Mr. Braxton rightly believes that Zoomline infringes the 539 patent.

enforceability of SmartOptions' 539 patent.  This latest effort in denying SmartOptions an

opportunity even to address the actual issues in this patent infringement action is an affront to

this Court and a waste of precious judicial (and party) resources.[2]

JumpRope does not even make a facially adequate argument, let alone adhere to the

pertinent legal standards.  The legal standards controlling motions to strike are as follows:  "Rule

12(f) provides that a district court 'may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter.'"  *Delta Consulting Group, Inc. v. R.*

*Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (*quoting* Fed.R.Civ.P. 12(f)).  Motions

to strike pursuant to Rule 12(f) are generally disfavored.  *See Williams v. Jader Fuel Co.*, 944

F.2d 1388, 1405-06 (7th Cir. 1991); *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill.

2011) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a

pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory

tactic.'") (citation omitted).  Motions to strike may be appropriate in an extremely narrow set of

circumstances.  *See, e.g., Heller Fin., Inc. v. Midwhey Powder*, 883 F.2d 1286, 1294 (7th Cir.

1989); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)

(allegations may be stricken if matter bears no possible relation to controversy).  "The party

moving to strike has the burden of showing that the challenged allegations are so unrelated to

plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial."  *E*

*& J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F.Supp.2d 979, 982 (N.D. Ill. 2003)

(citation and internal quotation omitted).

---

[2] JumpRope's tactics are particularly egregious here because it convinced this Court to shut down
discovery by pleading lack of resources; and, yet, here JumpRope is wasting resources by filing a
disfavored motion.

JumpRope has failed to indicate in any meaningful way how a license from a direct competitor to the very patent at issue in the underlying summary judgment motion is "so unrelated to [SmartOptions'] claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Id.* Although prejudicial to JumpRope's non-infringement defense, the Zoomline license to the 539 patent is related to SmartOptions' infringement claim, is meritorious and is certainly worthy of consideration by this Court (and a jury) on the only real issue in this case – JumpRope's patent infringement. Instead of making even a *de minimus* showing of strike-worthiness, JumpRope asks this Court to mete out a "drastic remedy" because JumpRope, having informed SmartOptions of its direct competitor Zoomline, now deeply regrets having given SmartOptions that information. JumpRope further deeply regrets that Zoomline (through its highly competent, registered patent attorney) chose to license the 539 patent. JumpRope knows full well – because JumpRope's founder, Peter Braxton sent SmartOptions written confirmation – that Zoomline is JumpRope's direct competitor. And, JumpRope knows full well (or ought to) that the Zoomline license strikes the death knell to JumpRope's summary judgment motion for non-infringement.

SmartOptions is not saying that the Zoomline license to the 539 patent shows that JumpRope infringes the 539 patent as a matter of law. All SmartOptions is saying, and its motivation for making sure that the record was complete and adequately supplemented, is that the Zoomline license to the 539 patent shows that a direct competitor of JumpRope took a license to the 539 patent. Because Zoomline and JumpRope are direct competitors, according to Mr. Braxton and JumpRope, the two share the same infringing business model. That tends to show that JumpRope infringes the 539 patent and it supports SmartOptions opposition to JumpRope's motion for summary judgment of non-infringement. This is so, at least, because Zoomline's

license to SmartOptions' patents (including the 539 patent) tends to show acceptance in the market, from a direct competitor no less, of SmartOptions' patents (including the 539 patent).[3] Regarding this particular license, JumpRope acknowledges that the licensee, Zoomline, competes directly against JumpRope.

**CONCLUSION**

Accordingly, this Court should enter an order denying JumpRope's disfavored motion to strike. This Court should also order JumpRope to pay SmartOptions' reasonable costs and fees in responding to this motion. Lastly, this Court should deny JumpRope's motion for summary judgment of non-infringement and allow SmartOptions the opportunity to litigate this action on the merits.

Date:  November 5, 2012                    Respectfully submitted,

                                           /s/ Geoffrey A. Baker
                                           Geoffrey A. Baker (6236658)
                                           Smart Options, LLC
                                           600 West Chicago Avenue,
                                           Suite 300N
                                           Chicago, Illinois 60654

                                           (708) 707-8778
                                           geoffb@optionit.com

---

[3] Importantly, SmartOpions has executed other licenses to the 539 patents that are not directly related to JumpRope's infringing behavior. SmartOptions has, likewise, gained significant traction in the media with its options-based model. *See, e.g.,* http://articles.latimes.com/2012/oct/19/business/la-fi-airfare-options-20121020. All the while, SmartOptions has not injected that evidence into this dispute now because, unlike the Zoomline license, that evidence has somewhat less probative value to the issue of JumpRope's infringement of the 539 patent.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on November 5, 2012, the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL FILINGS was served electronically on Defendant's counsel of record, Todd Flaming, via the email address associated with ECF filings in this action.

/s/Geoffrey A. Baker