**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SMART OPTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 2498 |
| v. | ) | |
| | ) | |
| JUMP ROPE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On April 4, 2012, Plaintiff Smart Options, LLC ("Smart Options") filed a complaint

against Defendant Jump Rope, Inc. ("Jump Rope") alleging infringement of Smart Options'

United States Patent No. 7,313,539 ("'539 patent"). (R. 1, Compl.) On August 20, 2012, Jump

Rope moved for summary judgment of non-infringement pursuant to Federal Rule of Civil

Procedure 56. (R. 24, Mot.) For the following reasons, the Court grants Jump Rope's motion.

The Court also grants Jump Rope's motion to strike. (R. 51, Mot. to Strike.)

**BACKGROUND**

**I.      Northern District of Illinois Local Rule 56.1**

"For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a

critical, and required, component of a litigant's response to a motion for summary judgment.

The purpose of the local rule is to make the summary judgment process less burdensome on

district courts, by requiring the parties to nail down the relevant facts and the way they propose

to support them." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012). Local

Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and

demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). "The Rule is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted).

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Pursuant to the Local Rules, the Court will not consider any additional facts proposed in the nonmoving party's Local Rule 56.1(b)(3)(B) response, but must rely on the nonmovant's Local Rule 56.1(b)(3)(C) statement of additional facts. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008). The Court disregards Rule 56.1 statements and responses that do not cite to specific portions of the record, as well as those that contain factual or legal argument. *See Cracco*, 559 F.3d at 632 ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."); *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"); *Bordelon*, 233 F.3d at 528 (the requirements for

responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted"); *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005) ("A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the additional facts that a litigant has proposed.").

## II.     Smart Options Failed to Comply with Local Rule 56.1

As detailed in Jump Rope's Reply, Smart Options' Local Rule 56.1 statements and responses contain significant problems.  (R. 44, Reply at 5-6.)  Almost every one of Smart Options' responses to Jump Rope's Local Rule 56.1 Statement of Undisputed Material Facts is either unsupported by citations to evidence, or does not constitute a statement of fact at all, but rather legal argument or legal conclusions.  (*See e.g.*, R. 41, Pl's. 56.1 Resp. ¶¶ 11, 12, 22-37.) Indeed, rather than providing specific references to affidavits or parts of the record as required by Local Rule 56.1, Smart Options repeatedly cites the same 16 paragraphs of the Gartner Declaration.  (*See id.*)  Smart Options' repeated response that "SmartOptions further states that JumpRope's accused smartphone applications allow users to buy an option by paying an 'option fee' to gain access to the front of a line at a club, at which time the JumpRope user may pay the 'reservation price' or 'cover charge' to gain access to the club" is improper argument and not tailored to respond to the specific factual assertions.  (*Id.*)  As explained above, the purpose of Local Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments.  *See Cady*, 467 F.3d at 1060; *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n. 2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts.").  As such,

for the particular statements of fact that contain such a response from Smart Options without any additional citation, the Court deems Jump Rope's statements of fact as admitted for the purposes of its motion. *See Cracco*, 559 F.3d at 632; *see also Sojka*, 686 F.3d at 398 ("The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, '[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'") (quoting *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (internal citations omitted))

Smart Options Additional Facts That Require Denial of Defendant's Summary Judgment Motion are similarly deficient ("Additional Facts"). (Pl.'s 56.1 Resp., Add'l Facts.) Several of Smart Options' additional facts amount to no more than conclusions by a non-expert about the meaning of words in the '539 patent. (*Id.* ¶¶ 5, 6, 8, 9, 12, 15, 16.) As explained above, the Court disregards such improper argument.[1]

Smart Options also filed supplemental additional facts and a supporting declaration on October 10, 2012, even though briefing closed on September 28, 2012. (R. 49, Pl.'s Sup. Add'l Facts; R. 48, Sup. Decl. G. Baker.) On October 17, 2012, Jump Rope filed a motion to strike these supplemental filings. (R. 51, Mot. to Strike.) Smart Options' supplemental filing were untimely and improper as this Court set a briefing schedule which included an opportunity for Smart Options to make factual assertions under Local Rule 56.1. Though the Court appreciates

---

[1] Smart Options Additional Facts also include many allegations relating to alleged discovery issues between the parties. (Pl.'s 56.1 Resp., Add'l Facts. ¶¶ 17-25.) Such assertions are not relevant to the Court's infringement analysis at this stage. Additionally, on August 28, 2012, the Court granted Jump Rope's motion to stay discovery pending resolution of its motion for summary judgment. (R. 37, Min. Entry.) The Court, therefore, does address in this Order any of Smart Options' arguments or assertions relating to discovery.

that Smart Options "didn't wait" and "acted rapidly to supplement the record" after it obtained

new information, Smart Options did not seek leave of the Court to make these additional filings

even though Local Rule 56.1 does not allow for such supplemental filings. (R. 56, Resp. to Mot.

to Strike at 2); *see also* N.D. Ill. R. 56.1. Additionally, the supplemental factual statements

relate to an alleged Jump Rope competitor, Zoomline, not Jump Rope. (Pl.'s Sup. Add'l Facts;

Sup. Decl. G. Baker.; *see also* Resp. to Mot. to Strike.) Factual allegations regarding Zoomline's

choice to seek a license from Smart Options are irrelevant and immaterial to whether Jump

Rope's product infringes the '539 patent. *See* Fed. R. Civ. P. 12(f). The Court, therefore, grants

Jump Rope's motion to strike Smart Options' supplemental filings.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment

motions, "facts must be viewed in the light most favorable to the nonmoving party only if there

is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167

L. Ed. 2d 686 (2007). The party seeking summary judgment has the burden of establishing that

there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After "a properly supported motion for summary

judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine

issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "[D]istrict courts presiding over

summary judgment proceedings may not weigh conflicting evidence or make credibility

determinations, both of which are the province of the jury." *Omnicare, Inc. v. UnitedHealth*

*Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (internal citations omitted).

## FACTUAL BACKROUND

Smart Options owns the '539 patent entitled "Method and System for Reserving Future

Purchases of Goods and Services." (Uncontested Facts ¶¶ 4-5.)[2]  Smart Options uses the

technology described in the '539 patent to operate the website www.optionit.com. (Comp. ¶ 7.)

It assists consumers who "may be interested in goods or services but [are not] able or willing to

purchase the goods or services at the present time." (Uncontested Facts ¶ 6.)  Smart Options, for

example, may allow a user to purchase an "option" to purchase a DVD player during a 60 day

time period at a $170 "reservation price," though the product normally sells for $200. (*Id*. ¶ 8.)

The purchaser would pay an "option fee" to reserve the right to purchase the DVD player at the

reservation price for the duration of that 60 day period. (*Id*.)  The purchaser then may pay the

$170 reservation price at any time during that 60 day period to purchase the DVD player. (*Id*.)

The option does not obligate the purchaser to actually purchase the desired good. (*Id*. ¶ 9.)

Rather, "[a] purchaser is risking a small amount of money to potentially purchase desired goods

or services at a reservation price at a desired future time." (*Id*.)  If the purchaser opts not to

purchase the DVD player during those 60 days, Smart Options does not refund the option fee.

(*Id*. ¶ 8.)

---

[2] The Court will reference facts admitted by both parties as "Uncontested Facts" rather than individually citing to both Jump Rope's 56.1 statement of facts (R. 26) and Smart Options' response to 56.1 facts (R. 41).  As previously explained, the Court deems admitted facts not properly disputed by specific citations to the record, affidavits or other evidence. *See Cracco*, 559 F.3d at 632.

Jump Rope is a company that has produced applications for smart phones, including the iPhone and Android phones, that allow users to bypass the entrance line at certain events or facilities. (Uncontested Facts ¶ 21-22.) A user can, for example, purchase a "Jump" for a particular club. (*Id*.) The purchaser can show the purchased Jump to the staff at the club in order to skip the line and enter the club before others who are waiting in the line. (*Id*. ¶¶ 23-28.) "There is no further purchase required to enter the facility once the user has purchased the [J]ump."[3] (*Id*. ¶ 29); (*see also* Reply ¶¶ 7, 10-14, 16.) The purchaser can immediately use the Jump to access the club any time that day. (Undisputed Facts ¶ 22; *see also* Reply ¶¶ 7, 10-14, 16.) In addition, a purchaser can purchase certain Jumps up to six days in advance. (Undisputed Facts ¶ 22.)

---

[3] Smart Options claims that Jump Rope does not allow a purchaser to gain immediate access to the event or facility, asserting that the purchaser must pay an additional cover fee to enter once he "jumps" to the front of the line. (*See e.g.*, Pl.'s 56.1 Resp., Add'l Facts. ¶¶ 7, 10-14, 16.) Smart Options has offered no evidence, however, to support the claim that a Jump purchaser must pay an additional entrance fee. Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Ryan Gartner's ("Gartner") declaration, which forms the basis of Smart Options' factual assertions, lacks evidentiary value because Smart Options has not established that Gartner has personal knowledge of how Jump Rope works. Indeed, Gartner states that he worked as a General Manager at a bar in Chicago where he became "familiar" with the Jump Rope applications, and that two unnamed Jump Rope representatives told him in 2011 that the Jump did not cover any entrance fee. (R. 47, Gartner Decl. ¶¶ 2, 3, 10.) Gartner does not claim that he personally used the application or personally witnessed people pay a cover fee after purchasing a Jump. The Court, therefore, disregards Gartner's baseless assertions regarding how Jump Rope works. In contrast, Jump Rope offers a declaration of the President and largest stockholder in Jump Rope, screenshots of the Jump Rope application itself, iTunes and Google play store descriptions of the application, and terms of service to establish that a Jump includes any cover charge at the club. (*See* Undisputed Facts ¶¶ 31-33; Reply, Ex. A.)

**ANALYSIS**

The Court must engage in a two-step process to determine whether summary judgment of non-infringement is warranted. *See ActiveVideo Networks, Inc. v. Verizon Comm'ns., Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012) (citing *Georgia–Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1330 (Fed. Cir. 1999). First, the Court must determine the proper construction of the claim. (*Id.*) Second, the Court must compare the properly construed claims to the allegedly infringing device. (*Id.*)

**I. Claim Construction**

Before reaching the issue of infringement, the Court must construe the following patent claim language: (1) "option"; (2) "option fee"; (3) "reservation price"; (4) "wherein a provided option fee is not part of a reservation price paid to purchase desired goods or services at a desired future time;" and (5) "wherein the electronic option does not obligate a purchaser to actually purchase the desired goods or services for the reservation price at the desired future time." (*See e.g.*, Undisputed Facts ¶¶ 7-10; Def.'s Mem. at 2-4.)

On May 25, 2012, Smart Options and Jump Rope filed a Joint Initial Status Report ("the Report"). (R. 16, Report.) In the Report, Smart Options proposed that the Court adopt the construction of claim 1 of the '539 patent that Judge Lefkow made in *Ticket Reserve Inc. v. OptionIt, Inc.*, No. 09-7375, (N.D. Ill.). (*Id.* at 3-4.) Although in the Report Jump Rope objected to such adoption, Jump Rope has accepted Judge Lefkow's construction of "option fee" and "reservation price" in its memorandum supporting its motion for summary judgment. (R. 25, Def.'s Mem. at 9-10; Report, Ex. 1.) In its memorandum, Jump Rope proposes a construction for "option" ("a contract conveying a right to buy or sell a designated item at a

8

specific time during a stipulated period"), a definition which Smart Options previously proposed

both to Judge Lefkow and the Patent Examiner. (*Id*.; Undisputed Facts ¶ 15.) Jump Rope also

proposes constructions of "wherein a provided option fee is not part of a reservation price paid to

purchase desired goods or services at a desired future time" and "wherein the electric option

does not obligate a purchaser to actually purchase the desired goods or services for the

reservation price at the desired future time." (*Id*. at 11-13.) Smart Options has agreed to "adopt

the claim construction already determined by Judge Lefkow" or, alternatively, Jump Rope's

proposed definitions, for purposes of this motion. (R. 40, Pl.'s Mem. at 1 n.1.) The Court,

therefore, adopts Judge Lefkow's construction of "option fee" ("the price of the option set by the

purchaser and the supplier") and "reservation price" ("the amount due after the option fee to

complete the purchase of the good or service"). (Report, Ex. A.) The Court also adopts, for the

purposes of this motion, Jump Rope's construction of the remaining terms which Judge Lefkow

did not construe. (*See* Reply at 4 (summarizing the proposed constructions).)

## II.    Non-infringement

"A court may determine infringement on summary judgment when no reasonable jury

could find that every limitation recited in the properly construed claim either is or is not found in

the accused device." *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, No. 08 C 6584, 2012 WL

718821, at *3 (N.D. Ill. Mar. 5, 2012) (internal quotations and citations omitted). "If any claim

limitation is absent from the accused device, there is no literal infringement as a matter of law."

*Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1253 (Fed. Cir. 2010)

(citing *Amgen Inc. v. F. Hoffman-LA Roche, Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009) (internal

quotations omitted).

Jump Rope argues that three claim limitations are absent from its smartphone application. Specifically, Jump Rope argues (1) Jump Rope does not provide "options" or "options fees for the goods or services;" (2) Jump Rope's application does not meet the limitation "wherein a provided option fee is not part of a reservation price paid to purchase desired goods or services at a desired future time;" and (3) Jump Rope's application does not meet the limitation "wherein the electronic option does not obligate a purchaser to actually purchase the desired goods or services for the reservation price at the desired future time." (Def.'s Mem. at 13-15.) Smart Options fails to respond to these arguments, instead recasting the issue as limited to whether Jump Rope's application includes an "option fee" and a "reservation price." (Reply at 1.) Under Seventh Circuit law, which governs procedural issues likes waiver in a patent case, Smart Options has waived any arguments regarding the presence of the three limitations Jump Rope argues are absent by not addressing these arguments in its briefs. *See e.g.*, *Woods v. DeAngelo Marine Exhaust, Inc*., 692 F.3d 1272, 1278 (Fed Cir. 2012) (finding that the court applies the procedural law of the regional circuit for procedural issues not unique to patent law); *Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1352 (Fed. Cir. 2003) ("[W]e apply the law of the regional circuit to the procedural question of waiver"); *see also LG Elecs. v. Whirlpool Corp*., No. 08 C 242, 2009 WL 5579006, *3 (N.D. Ill. Nov. 23, 2009) ("The law is clear in the Seventh Circuit that a party waives arguments not presented to the district court in response to summary judgment motions") (citing *Laborers' Int'l Union v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999); *see also Steen v. Myers*, 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion in legal brief amounts to abandonment of claim).

Even if Smart Options had not waived these arguments, there is no material issue of fact regarding whether Jump Rope meets all of the claim limitations. Under the adopted claim constructions, "option" means "a contract conveying a right to buy or sell a designated item at a specified time during a stipulated period." (Def.'s Mem. 9-10.) Unlike Smart Options which sells a purchaser a right to buy a product at a specific price at some point in the future, Jump Rope sells the actual product or service–immediate access to the front of the line plus the entrance fee to the event or facility. (Undisputed Facts ¶¶ 22-26.) A Jump Rope customer owns the Jump as soon as it completes the transaction, whereas a Smart Options customer must make an additional purchase at some point in the future, at the reservation price, to obtain the good or service. (*Compare id.* ¶¶ 8, 9 with *id* ¶¶ 22-31.) Because Jump Rope sells a good or service, not a "right" to obtain a good or service, Jump Rope does not sell "options" under the '539 patent.

Jump Rope's application also does not meet the limitation "wherein a provided option fee is not part of a reservation price paid to purchase desired goods or services at a desired future time" because there is no separate fee that Jump Rope purchaser's have to pay to obtain the good or service. (*See* Undisputed Facts ¶ 29; *see also* Reply ¶¶ 7, 10-14, 16.) Smart Options argues that the "option fee" is the price of the Jump and the "reservation price" is the additional entrance fee or cover charge a purchaser must pay to enter the event or facility. (Pl.'s Mem. at 2-3.) As previously discussed, this is factually inaccurate. Even viewing the evidence in the light most favorable to Smart Options, there is no dispute that the price of the Jump covers both the ability to skip to the front of the line and the entrance fee to the event or facility. (*See* Undisputed Facts ¶ 29; *see also* Reply ¶¶ 7, 10-14, 16.)

Similarly, Jump Rope's application does not meet the limitation "wherein the electronic

11

option does not obligate a purchaser to actually purchase the desired goods or services for the

reservation price at the desired future time" because the Jump Rope purchaser actually purchases

the goods or service during the transaction.  (*See* Undisputed Facts ¶ 22 (stating that "[o]nce the

user has made the purchase the user has the right immediate access (skipping the line) to the

event of facility for that day"); *see also id* ¶ 29-30 (stating that once a purchaser clicks

"Complete Purchase" the transaction is complete and there is no further purchase required to

enter the facility).)  Although a Smart Options "purchaser may choose not to exercise the

electronic option," a Jump Rope purchaser faces no such choice as his transaction is complete

after he purchases the Jump.  (Undisputed Facts ¶ 10.)   Because a Jump includes both the ability

to jump the line and the fee for entrance, Jump Rope does not meet the limitations included in

the '539 patent.

 Moreover, Smart Options' infringement claims fail under the doctrine of equivalents as

well.  (Compl. ¶ 17.)  "Under the doctrine of equivalents, 'a product or process that does not

literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if

there is 'equivalence' between the elements of the accused product or process and the claimed

elements of the patented invention.'"  *SanDisk Corp. v. Kingston Tech. Co., Inc*., No. 2011-1346,

2012 WL 4784089, at *12 (Fed. Cir. Oct. 9, 2012) (quoting *Warner–Jenkinson Co. v. Hilton*

*Davis Chem. Co.*, 520 U.S. 17, 21, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997)).  "To prove

infringement under the doctrine, the patentee must show that the accused device 'performs

substantially the same function in substantially the same way to obtain the same result.'"

*Textron Innovations Inc. v. Am. Eurocopter Corp*., No. 2011-1309, 2012 WL 3871717, *7 (Fed.

Cir. Sept. 7, 2012) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608

(1950)).  Jump Rope argues that Smart Options cannot prevail under the theory of equivalence because such a finding would "vitiate terms of the claim, including that the option does not obligat[e] the user to 'actually purchase' the goods or service."  (Def.'s Mem. at 14 n. 2)  The Court agrees.

As a threshold matter, in its Initial Infringement Contentions, Smart Options failed to assert that any element of the claim was present under the doctrine of equivalents rather than under direct infringement.  *See* N.D. Ill. P. R. 2.2(d).  Specifically, Smart Options did not "include an explanation of each function, way and result that is equivalent and why any differences are not substantial" as required under Local Patent Rule 2.2(d).  *Id.*

Additionally, "[t]he all-elements rule bars a patentee from asserting a theory of equivalence that would entirely vitiate a particular claim element."  *Textron*, 2012 WL 3871717 at *7 (internal quotations omitted).  As discussed above, the Jump Rope patron does not have a future choice whether to purchase the good or service because he actually purchases the good or service at the moment he purchases the Jump.  Finding that Jump Rope's application is the equivalent of the service outlined in the '539 patent would vitiate (1) the "options" and "option fee" elements, which require there be a right to a future purchase, and (2) the limitation that an "option does not obligate a purchaser to actually purchase the desired goods or services."  As a result, Smart Options' allegations under the doctrine of equivalents fail as a matter of law.

## CONCLUSION

For the for the foregoing reasons, the Court grants Defendant Jump Rope Inc.'s motion for summary judgment of non-infringement and grants Jump Rope's motion to strike Smart Options' supplemental filings.

**DATED: November 13, 2012**

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**