IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMART OPTIONS, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 12-cv-2498 |
| v. ) | |
| ) | Judge Amy St. Eve |
| JUMP ROPE, INC., ) | Magistrate Judge Martin C. Ashman |
| ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**

Plaintiff Smart Options, LLC, and its counsel violated Fed. R. Civ. P. 11 by filing this frivolous action. Plaintiff and its counsel when he signed the complaint in this action violated Rule 11 of the Federal Rules of Civil Procedure, because (1) the claims were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law (Rule 11(b)(2)); and (2) the factual contentions did not have evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery (Rule 11(b)(3)). In support of this motion, Defendant states:

    1.    Defendant incorporates by reference Exhibit A hereto, which is a Rule 11 motion served pursuant to Fed. R. Civ. P. 11(c)(2) on Plaintiff and its counsel on May 22, 2012—shortly after service of the Complaint. (See Exhibit A, Rule 11 motion, including cover letter dated May 22, 2012.) Counsel for Smart Options received this letter, because it included as part of the initial status report a statement that "SmartOptions finds that it unfortunately, but necessarily, must inform the Court that JumpRope has served on SmartOptions a baseless motion purporting

1

to be pursuant to Rule 11." (*See* Exhibit B, Corrected Joint Initial Status Report (ECF No. 15), at 2.)

2. Smart Options had 21 days—until June 12, 2012—to dismiss the case. But it did not. Following this motion, Smart Options served extensive discovery requests including on a third party (Exhibit C, Defendant's Motion to Stay Discovery Pending Resolution of its Motion for Summary Judgment of Noninfringement (ECF No. 30), ¶¶ 10-12), pressed for settlement conferences to force Jump Rope to take a license, and ultimately forced Jump Rope to move for summary judgment. This Court granted that motion on November 13, 2012 and terminated the action. (See Exhibit D, Memorandum Opinion and Order (ECF No. 58).)

3. The Court dismissed the case for the reasons cited in the attached Rule 11 Motion. Specifically, the Rule 11 Motion quotes the iTunes store description that "Jump Rope gives you to ability to pay a priced to skip the line, and gain immediate entrance to nightclubs and bars …." (Exhibit A at 3.) Further, the Rule 11 Motion explains that "no part of the Jump Rope application … charges an option fee for a good or service such that a user must pay a reservation price at a future time and the user is not obligated to buy the good or service." (*Id.*) The Rule 11 Motion explains that the Jump Rope application does not meet the limitations of claim 1, because the patent requires options for option fees that do not actually require a user to purchase the good or service and such that the option fee is not part of the reservation price. (*Id.* at 2-3.)

4. These are the grounds on which Jump Rope brought its motion for summary judgment (Exhibit E, Memorandum in Support of Motion for Summary Judgment of Non-Infringement (ECF No. 25), at *e.g.*, 13-15) and the grounds on which the Court granted Jump Rope's motion (Exhibit D at 10-13.) Notably, Plaintiff did not oppose the claim constructions proposed. (*Id.* at 8-9.) Plaintiff did not respond to the arguments made. (*Id.* at 10.) And

Plaintiff failed to provide any competent or relevant evidence to rebut the arguments made in the motion. (*Id*. at 7 n.3.) Thus, the attached motion correctly notified Plaintiff and its counsel of the reason the suit was frivolous and the reasons they should dismiss it. They failed to do so.

5. Moreover, the facts here were easily and cheaply accessible to Smart Options and its counsel. They could have downloaded the free application and purchased a jump. Counsel had a duty to conduct a pre-filing investigation, which would have revealed that there was no legal or factual basis for asserting infringement, and not doing so is clearly sanctionable under Rule 11. *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986-88 (Fed. Cir. 2000).

**CONCLUSION**

The complaint in this case was frivolous and violated Rule 11. Jump Rope respectfully seeks an order awarding Jump Rope its attorneys' fees spent defending against this action. Jump Rope will file a petition seeking its fees.

If the Court grants this motion, Jump Rope further seeks leave to file a petition detailing its attorneys' fees in this action, along with affidavits or declarations supporting the rates charged and time spent defending this action.

Dated: December 13, 2012

Respectfully submitted,

/s/ Todd H. Flaming
_____
Attorney for Defendant Jump Rope, Inc.

Todd H. Flaming
Kenneth E. Kraus
**KrausFlaming LLC**
20 South Clark Street, Suite 2620
Chicago, Illinois 60603
(312) 447-7217
(312) 236-9201 (fax)
Todd@KrausFlaming.com
Ken@KrausFlaming.com