**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SMART OPTIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-2498 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | Mag. Judge Ashman |
| JUMP ROPE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS**

Plaintiff Smart Options, LLC ("SmartOptions") respectfully opposes Defendant, Jump

Rope, Inc.'s ("Jump Rope") motion for Rule 11 sanctions. In support of its opposition,

SmartOptions states as follows:

1. Timely filing of the notice of appeal in this action divested this Court of jurisdiction over

   all matters involved in the appeal of this case. Because this Court lacks jurisdiction,

   SmartOptions respectfully requests that the Court await the result of the decision on

   appeal in this action before considering Jump Rope's motion; and,

2. Regardless of the jurisdictional issues, Jump Rope is not entitled to sanctions because

   SmartOptions conducted an adequate and reasonable pre-filing investigation prior to

   filing the complaint for patent infringement in this case.

**I. SMARTOPTIONS' TIMELY FILED NOTICE OF APPEAL
DIVESTED THE TRIAL COURT OF JURISDICTION**

SmartOptions notes here, primarily to preserve this issue for the record on appeal, that

upon timely filing of the notice of appeal in this action, this Court's jurisdiction was divested.

As the Federal Circuit noted in *Gilda Industries, Inc. v. U.S.*, 511 F.3d 1348, 1350 (Fed. Cir.

1

2008), "[o]rdinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); 20 James Wm. Moore, Moore's Federal Practice § 303.32[1] (3d ed.1997)." *See also Blue Cross and Blue Shield Asso. v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) ("A notice of appeal deprives the district court of jurisdiction over the issues on the appeal.") (J. Easterbrook); *Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987) ("[A] notice of appeal divests the District Court of jurisdiction over all matters involved in the appeal. . . .  In this instance, the District Court clearly lost jurisdiction on November 18, 1986 when GNC filed a notice of appeal to this court [of the District Court's preliminary injunction order].") (citations omitted); *see also Diomed, Inc. v. AngioDynamics, Inc.*, 533 F. Supp. 2d 224, 226 (D. Mass. 2008) (noting that "[g]enerally, the filing of a notice of appeal divests the district court of jurisdiction over matters related to the appeal" and that a district court retains jurisdiction only to enforce a permanent injunction pending appeal) (citations omitted); *American Fam. Mut. Ins. Co. v. Roth*, No. 05 C 3839, 2007 WL 63983, at *3 (N.D. Ill. Jan. 10, 2007) ("As the defendants have already filed an appeal attacking the merits of Judge Guzman's decision to enter the preliminary injunction, the court does not have jurisdiction to entertain the defendants' motions to modify the preliminary injunction.").

SmartOptions also points to the Seventh Circuit Practitioner's Handbook for Appeals (http://www.ca7.uscourts.gov/rules/handbook.pdf), which states at pages 42 – 43:

> Filing a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); United States v. Ali, 619 F.3d 713, 722 (7th Cir. 2010); *Kusay v. United States*, 62 F.3d 192, 193–94 (7th Cir. 1995); *Ced's Inc. v. EPA*, 745 F.2d 1092, 1095–96 (7th Cir. 1984). To put it another way, only one court at a time has jurisdiction over a subject, and therefore a district court may not amend a

decision that is under review in the court of appeals. *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008).

A district court may again act in a case returned to it after the court of appeals issues its mandate; actions taken before then are a nullity. *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995).

The subject matter of Jump Rope's motion is related to and involved with the appeal. The title of the substantive section of Jump Rope's Rule 11 motion states that "**The Accused Software Does Not Meet the Requirements of Claim 1.**" Jump Rope Mot. at Ex. A, p. 3 (emphasis in original). Jump Rope, however, never permitted SmartOptions access to the accused software. In fact, Jump Rope blocked any discovery in this action, including discovery directly related to the accused software that Jump Rope's developer had repeatedly promised to produce to SmartOptions. *See* Ex. 1, Declaration of Geoffrey A. Baker, at ¶¶ 21-29. Included in the discovery that SmartOptions requested from Jump Rope's developer, and that Jump Rope's developer stated it would produce, was the very "Accused Software" on which Jump Rope premises its Rule 11 motion. *Id.* at ¶¶ 26 and 28. It is fundamentally unfair for Jump Rope to premise its Rule 11 sanctions motion on the software accused of infringement while refusing to provide that software to SmartOptions. It is likewise fundamentally unfair for Jump Rope to benefit, at all, from it and its developer's refusal to turn over discovery that in Jump Rope's own words forms the basis of its Rule 11 motion.

Should the Federal Circuit overturn this Court's grant of summary judgment of non-infringement and/or this Court's discovery stay, Jump Rope's Rule 11 motion (premised, at least in part, on those decisions) would be moot. The Federal Circuit undertakes plenary or *de novo* review of a grant of summary judgment. *See Scaltech Inc. v. Retec/Tetra*, 178 F.3d 1378, 1381 (Fed. Cir. 1998) ("We undertake plenary review of a grant of summary judgment."); *Petrolite*

*Corp. v. Baker Hughes Inc.*, 96 F.3d 1423, 1425 (Fed. Cir.1996) ("We review a district court's grant of summary judgment *de novo*.").[1]

There is no dispute related to the filing of SmartOptions' Notice of Appeal. It was timely and from a final judgment. Jump Rope's Rule 11 motion is premised on the accused software. Jump Rope and its developer refused to produce clearly discoverable materials related to the accused software. That same accused software was at the center of the Court's grant of summary judgment. And, the accused software is matter involved in and/or related to the appeal. Further, Jump Rope has not provided any authority to support its position that the filing of its motion should be carved out as an exception to the general rule divesting the trial court of jurisdiction.

This Court was divested of jurisdiction "over all matters involved in the appeal" upon the filing of the notice of appeal. *See Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987). Accordingly, Jump Rope's motion should be entered and continued until this Court's jurisdiction vests again.

## II. REGARDLESS OF JURISDICTION, SMART OPTIONS COMPLIED WITH RULE 11

Should the Court entertain Jump Rope's motion, SmartOptions details its pre-filing investigation below (and in the accompanying declaration of counsel, which it incorporates herein in its entirety by direct reference). Jump Rope knows that SmartOptions conducted a pre-filing investigation. Jump Rope knows this because of the conversations between SmartOptions and Jump Rope prior to the filing of this action. To the extent that Jump Rope is asserting that

---

[1] The Federal Circuit reviews a grant of summary judgment "under [the] *de novo* standard of review, with all justifiable factual inferences drawn in favor of the party opposing summary judgment." *Cook v. United States*, 86 F.3d 1095, 1097 (Fed. Cir. 1996); *see also Union Pac. Corp. v. United States*, 5 F.3d 523, 525 (Fed. Cir. 1993) (stating that in an appeal from a grant of summary judgment, all facts are construed in favor of the non-movant); *Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997) (stating that the Federal Circuit "employs complete and independent review over an appeal of the propriety of summary judgment").

SmartOptions did not conduct a pre-filing investigation, that claim must fail. SmartOptions

conducted an adequate pre-filing investigation. SmartOptions' legal and factual bases for filing

the complaint in this action are detailed below and in the accompanying declaration of counsel.

### A.    Pertinent Legal Standards

The Federal Circuit applies its own precedent in determining the reasonableness of a pre-

filing investigation. *Q-Pharma, lnc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir.

2004). "Rule 11…require[s], at a minimum, that an attorney interpret the asserted patent claims

and compare the accused device with those claims before filing a claim alleging infringement."

*Id.* A claim chart, however, is not required. *Id.* at 1301. Moreover, at least with respect to claim

interpretation, a plaintiff's pre-filing views need not be correct, only nonfrivolous. *Id.* (citing

*Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073 (Fed. Cir. 2002)).

### B.    SmartOptions had Adequate Legal Bases for Filing Its Complaint and SmartOptions Complied with Rule 11(b)(2)

SmartOptions had an adequate legal basis for filing the complaint in this action.

SmartOptions owns the 539 patent. *See* Ex. 1, Declaration of Geoffrey A. Baker, at ¶ 3.

According to Congress, a "patentee shall have remedy by civil action for infringement of his

patent." 35 U.S.C. § 281. The 539 patent is presumed to be valid. 35 U.S.C. § 282, *see also*

Baker Decl. at ¶ 6. That legislative presumption can only be overcome by clear and convincing

evidence. *See* Baker Decl. at ¶ 6. At the time the complaint was filed, "no information

suggested that a broad interpretation of claim 1 of the 539 patent would result in a threat to the

539 patent's validity." *Id.* Jump Rope has not challenged the validity of the 539 patent in this

action. *Id.* SmartOptions' pre-filing investigation relied on Judge Lefkow's earlier construction

of claim 1 of the 539 patent. *Id.* at ¶ 7. Jump Rope does not dispute Judge Lefkow's claim

construction. *Id.*

"Because claim construction is a matter of law, an attorney's proposed claim construction is subject to the Rule 11(b)(2) requirement that all legal arguments be nonfrivolous." *Antonious*, 275 F.3d at 1073. Since SmartOptions used Judge Lefkow's claim construction, SmartOptions' construction of claim 1 of the 539 patent is nonfrivolous. Since Jump Rope knew that SmartOptions used Judge Lefkow's claim construction, Jump Rope knew that SmartOptions' construction of claim 1 of the 539 patent had to be nonfrivolous.

Accordingly, Jump Rope's Rule 11(b)(2) argument must fail.

### C. SmartOptions had Adequate Evidentiary Support to Allege Patent Infringement and SmartOptions Complied with Rule 11(b)(3)

Patent infringement is a question of fact. *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1348-49 (Fed. Cir. 2000). An attorney's allegation of infringement is therefore subject to the requirement of Rule 11(b)(3) that all allegations and factual contentions have evidentiary support. Rule 11 requires an investigation that is "reasonable under the circumstances." *S.A. Auto Lube, Inc. v. Jiffy Lube International, Inc.*, 842 F.2d 946, 948 (7th Cir. 1988).

Jump Rope relies heavily on *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981 (Fed. Cir. 2000). In *View*, the Federal Circuit "held that sanctions were warranted because the patentee had not performed any claim construction analysis or an infringement analysis prior to filing its counterclaim for infringement. *Id.* at 985." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed. Cir. 2004) (emphasis added). In fact, the lawyers in *View* filed infringement counterclaims on eight patents containing 120 distinct claims "based only on [their client's] belief that 'it was likely that View would infringe the eight patents, and he had no information which would lead him to a different conclusion.'" *View Engineering*, 208 F. 3d at 985.

6

SmartOptions, by contrast, performed an infringement analysis. *See* Baker Decl. at ¶ 4. SmartOptions reviewed and analyzed the patent and its file history. *Id.* Then, using Judge Lefkow's claim constructions, SmartOptions compared the asserted claim with the accused product. *Id.* at ¶¶ 9, 10 and 12. SmartOptions also reviewed and analyzed Jump Rope's federal trademark registration application, which tends to show that Jump Rope's smartphone application meets each and every limitation of the asserted claim. *Id.* at ¶ 11. SmartOptions, downloaded the smartphone application and reviewed and analyzed the application along with Jump Rope's Terms of Use for the accused product, which also tend to show that Jump Rope's smartphone application meets each and every limitation of the asserted claim. *Id.* at ¶ 12. Jump Rope's Terms of Use for the accused product clearly state in all capital letters that

- "WE ARE NOT DIRECTLY OFFERING OR SELLING TO YOU ANY TICKET OR ENTRY TO ANY VENUE OR EVENT."

- "WHAT WE ARE SELLING AND PROVIDING TO YOU IS ACCESS AND THE OPPORTUNITY TO PURCHASE SUCH TICKETS AND ENTRY FROM THE APPLICABLE PROMOTERS."

- "YOU WILL PURCHASE ALL TICKETS AND ENTRY TO VENUES AND EVENTS DIRECTLY FROM THE PROMOTERS THEMSELVES."

- "THE FEES AND AMOUNTS DUE TO US FOR THE JUMP ROPE SERVICES ARE IN ADDITION TO THE AMOUNTS THAT YOU MAY OWE THE PROMOTERS."

*Id.* at ¶ 13. Jump Rope's Terms of Use also tend to show that Jump Rope is selling, at the cost of an "option fee", the right but not the obligation to later purchase access or a ticket at a "reservation price". *Id.* at ¶ 14. According to Jump Rope's Terms of Use, the "option fee" is distinct from the purchase price for later buying the good or service, i.e, the "reservation price". *Id.* SmartOptions, also prior to filing, confirmed with Jump Rope's founder and CEO that the website, Terms of Use, trademark application and other statements regarding the functionality of the accused smartphone application and its software were accurate. *Id.* at ¶ 16.

As Jump Rope states in its Rule 11 motion, "the claim limitation distinguishing option and option fees from the reservation price is the heart of the patent." Doc # 64 at 4. Thus, in Jump Rope's own words in its Terms of Use, the Jump Rope smartphone application meets the claim limitation that is, according to Jump Rope "the heart of the patent."

As the Federal Circuit emphasized, in *View*, "[t]he presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." *View Engineering*, 208 F. 3d at 986. In *Q-Pharma*, the Federal Circuit determined that plaintiff made a reasonable pre-filing inquiry based on the accused infringer's advertising and plaintiff's own comparison of the asserted claims with the accused product. *Q-Pharma*, 360 F.3d at 1302. The same is true in this action.

Because SmartOptions conducted an adequate pre-filing investigation, the Court should deny Jump Rope's Rule 11 motion.

## V.    CONCLUSION

Should this Court find that it maintains jurisdiction over Jump Rope's Rule 11 Motion, it should deny that motion. SmartOptions conducted an adequate pre-filing investigation, relying on Judge Lefkow's claim construction for the legal basis and relying on appropriate evidence, such as Jump Rope's clear statements, to match those constructions to the accused smartphone application. If the Court does not find that it maintains jurisdiction over Jump Rope's motion, the Court should enter and continue the motion until this Court jurisdiction vests again (after the mandate from the Federal Circuit).

Date:   January 10, 2013                                    Respectfully submitted,

                                                            /s/ Geoffrey A. Baker
                                                            Geoffrey A. Baker
                                                            Smart Options, LLC

600 West Chicago Avenue,
Suite 300N
Chicago, Illinois 60654

(708) 707-8778
geoffb@optionit.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on January 10, 2013, the foregoing

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**

**MOTION FOR RULE 11 SANCTIONS** was served electronically on Defendant's

counsel of record, Todd Flaming, via the email address associated with ECF filings

in this action.


/s/Geoffrey A. Baker