# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2498 | **DATE** | 5/8/2013 |
| **CASE TITLE** | Smart Options, LLC vs. Jump Rope, Inc. | | |

**DOCKET ENTRY TEXT**

The Court awards Jump Rope the $60,935 in fees that it requested in its Petition for Fees [79].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

### STATEMENT

On February 11, 2013, the Court granted Defendant Jump Rope, Inc.'s ("Jump Rope") motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  ®. 75.)  The Court directed Jump Rope to file a petition for fees.  (*Id.*)  On April 4, 2013, Jump Rope filed a Petition for Fees seeking a total of $60,935.  ®. 79, Fee Pet.)  The Court awards Jump Rope the total fees it seeks.

### ANALYSIS

To determine reasonable attorney's fees, district courts use the lodestar method by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). "There is a strong presumption that the lodestar calculation yields a reasonable attorney's fee award." *Pickett*, 664 F.3d at 639; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1672, 176 L. Ed.2d 494 (2010) ("loadstar method is readily administrable" and "objective"). "Once the petitioning party provides evidence of the proposed fees' reasonableness, the burden shifts to the other party to demonstrate the award's unreasonableness." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 759 (7th Cir. 2012).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Here, Plaintiff Smart Options, LLC ("Smart Options") "concedes that the rate and number of hours spent by Jump Rope's attorneys appear on their face to be reasonable." (R. 85, Resp.)  Smart Options argues, however, that (1) one of Jump Rope's entries is internally inconsistent; (2) an entry related to an "investor" is overreaching; and (3) Jump Rope cannot recover for two entries related to the pending appeal in the Federal Circuit. (*Id*. at 2-3.)  The Court addresses each argument in turn.

First, Smart Options argues that a statement included in the Declaration of Todd H. Flaming, one of Jump Rope's attorney's, is inconsistent with the time entries. (*Id*.)  Specifically, Mr. Flaming states that "[i]mmediately after being hired, I reviewed the infringement position and concluded that it was untenable." (R. 80, Flam. Decl. ¶ 8.)  Smart Options contends that this "could not have been true" because Smart Options did not disclose initial contentions until months later and the time sheet corresponding to this statement contains just one entry - "Telephone call with Richards re review of patent and investor"- for .3 hours. (Resp. at 3; R. 80, Flam. Decl., Ex. A at 2.)  Jump Rope explains that during this call Flaming spoke with Richards, Jump Rope's patent counsel, who had previously reviewed the patent. (*See* R. 81, Rich. Decl., Ex. A at 1.)  Moreover, Smart Options ignores other time entries which indicate that Mr. Flaming spent nearly seven hours reviewing the patent file and history a few days later. (Flam. Decl. Ex A. at 2.)  As a result, Smart Options' concerns about this inconsistency are unwarranted.

Second, Smart Options contends that Jump Rope improperly seeks fees related to time spent discussing an "investor." (Resp. at 2.)  As noted above, Jump Rope seeks fees for a "Telephone call with Richards re review of patent and investor." (Flam. Decl. Ex. A at 2.)  Jump Rope explains, however, that this entry reflects a call between Mr. Flaming (litigation counsel) and Mr. Richards (patent counsel), and that KrausFlaming "represented Jump Rope only in defending this matter, and only time appropriate to the defense of the matter was billed to Jump Rope." (R. 89, Reply at 2.)  This .3 hour entry, therefore, reflects time spent on the matter at hand.

Third, Smart Options argues that Jump Rope's petition overreaches based on two time entries for work related to the pending appeal of this case. (Resp. at 3.)  To the contrary, Jump Rope did not seek to recover fees for those two entries. (Reply at. 1-2.)  Indeed, the sum of the KrausFlaming invoices ($49,805), the unbilled time relating to the fee petition ($6,475), and Patrick Richard's invoices ($5,600) reaches a total of $61,880. (Flam. Decl. ¶ 17 & Ex. A; Rich. Decl., Ex. A).  Jump Rope, however, seeks $60,935 in fees which is $61,880 minus $945 from the two entries which Smart Options disputes. (Flam. Dec., Ex. A. at 20.)  The Court, therefore, does not need to exclude these entries from the $60,935 award Jump Rope seeks because Jump Rope does not seek to recover these fees.

## CONCLUSION

For the forgoing reasons, the Court awards Jump Rope $60,935 in fees.